BLD-101                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1019
_____

IN RE:  ABDUL MUHAMMED,
                                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. 1-16-cr-00476-001)
District Judge: Renee M. Bumb

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 14, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

Abdul Muhammed filed this pro se petition for a writ of mandamus, seeking

review of District Judge Renée Marie Bumb's refusal to recuse herself from presiding

over his criminal case.  For the reasons that follow, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2016, Muhammed was charged, by criminal complaint, with being a felon in possession of a firearm. He was subsequently indicted on federal drug charges and on one count of being a felon in possession of a firearm. Although Muhammed has been proceeding pro se in the District Court, he has also been appointed several attorneys to serve as stand-by counsel.

Muhammed was initially appointed stand-by counsel from the Federal Public Defender's Office, which had to recuse due to a conflict. In March 2016, the Magistrate Judge appointed Paul Sarmousakis as stand-by counsel. In August 2016, Muhammed requested the appointment of new counsel, and the Magistrate Judge appointed David Simon. In February 2017, Muhammed again requested the appointment of new counsel. He alleged that, during a prison visit, Simon said "I see you going to a maximum jail and me going home to watch the Seattle football game." At a hearing on this issue, District Judge Bumb allegedly told Muhammed that "I don't think [Simon] said that to you." Muhammed claims that Judge Bumb "prejudged the issue," as she did not take any testimony from Simon, and she also said that "based on my observation from the facts defendant has [chosen] not to cooperate with his attorney." In any event, Judge Bumb granted Muhammed's request for new counsel, and appointed Martin Eisenberg.[1]

In October 2018, Muhammed filed a motion to recuse Judge Bumb. In addition to his allegations regarding Judge Bumb's having prejudged the issue with Simon,

---

[1] After another request from Muhammed for the appointment of new counsel, Judge Bumb appointed Troy Archie, who is currently serving as Muhammed's counsel.

Muhammed alleged that Judge Bumb had shown "favoritism" to the government in ruling on discovery motions. Muhammed alleged that after he requested that Judge Bumb reconsider a discovery ruling, she showed hostility towards him and said "I've reconsidered it. I stand by my order. There is nothing wrong with this order." Muhammed also alleged that Judge Bumb showed hostility towards him by requiring that he file motions through his stand-by counsel. The District Court denied the recusal motion. Muhammed then filed this mandamus petition.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is properly invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).[2]

Mandamus is a proper means to obtain review of the denial of a recusal motion filed pursuant to 28 U.S.C. § 455. Alexander v. Primerica Holdings, Inc., 10 F.3d 155,

---

[2] In his recusal motion filed in the District Court, Muhammed complained of delay resulting from the District Court's requirement that he file motions through counsel. He does not seek mandamus relief on that issue. In any event, even though a writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, Muhammed has not shown that the District Court's requirement caused any such delay here. See also In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (matters of docket control are committed to the district court's discretion).

3

163 (3d Cir. 1993). Under § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (citation and quotations omitted). In this regard, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). And judicial remarks, made in the ordinary course of a proceeding, that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, recusal is not required on the grounds of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

Here, Muhammed has not made a persuasive case for mandamus relief. His allegations that Judge Bumb showed favoritism to the government, and hostility towards him, amount to nothing more than his dissatisfaction with Judge Bumb's discovery rulings. See Securacomm Consulting, 224 F.3d at 278. Muhammed's allegation that Judge Bumb prejudged his case is unsupported and speculative. See United States, 666 F.2d at 694. He points to a hearing in which Judge Bumb ultimately granted his request for new counsel, a request he has made—and been granted—three times in this case. Judge Bumb's alleged comments at that hearing and at the discovery hearings are not out of the ordinary, and are insufficient to show "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 555. A reasonable

4

person, with knowledge of all of these facts, would not reasonably question the impartiality of Judge Bumb.  <u>See</u> <u>In re Kensington</u>, 368 F.3d at 301.